(No. 77-CC-1790—▮▮▮▮▮▮

CLAIRE C. CRAWFORD, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1979.*

PER CURIAM.

This claim arises out of an employee request for a job audit and reallocation to a higher job classification, and subsequent claim for retroactive salary commensurate with a retroactive reallocation.

The Claimant, in the case at bar, pursued her request for reallocation through the remedy provided by the Civil Service Commission where she was found to have been entitled to be reallocated.

Following the Civil Service Commission ruling, the Department of Personnel determined the Claimant to be entitled to certain back pay and arranged for payment of retroactive salary differential for the then current fiscal period and instructed her that she would have to go to the Court of Claims for the differential falling in lapsed fiscal periods.

The amount claimed is $603.50 and is from the period of time from October 1, 1976, through June 30, 1977.

The finding of the Civil Service Commission was dated August 12, 1977. The Department of Personnel determined the retroactive dates of October 1, 1976, by application of their existing procedure as they then related to their Rule 1-30 which called for retroactive application back to the date of the application for reconsideration being filed with the director of the Department of Personnel.

Ill. Rev. Stat. Ch. 127, para. 145, provides as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed.

The first part of the above-cited statute is a clear and unequivocal prohibition of any additional payments "for work already performed" for payroll periods "for which remuneration had already been made," and presumably accepted, while the latter portion makes two exceptions to the general prohibition. The two execptions are the retroactive payment to tradesmen who are paid in accordance with the pay scale prevailing in the geographic area of their employment, and the second exception has to do with claims for retroactive pay "based upon the effective date of a collective bargaining agreement."

Neither of these exceptions are involved in this case. This case involves an administrative error in failing to properly classify and compensate the Claimant for the work performed.

In the past this Court has granted awards for retroactive salary adjustments in cases involving clerical errors in either the calculation of a payroll voucher or where an automatic annual pay increase was eroneously missed.

In the case of *Poskus v. State of Illinois, 26 Ill. Ct. Cl. 107,* this Court awarded a half-time doctor a retroactive salary adjustment, after quoting from para. 145, stating, in part:

"Nowhere is it contended that Claimant is requesting additional compensation for services performed, or that he has performed extra services. He is not asking payment for more than his contract of employment specifically provided, i.e., half the salary of a full-time physician. Because the contract of work was in a definite amount, and the sum paid to him by Respondent was admittedly below this amount, it cannot be contended that he was 'apparently paid for services in full.' Respondent's agents have clearly established that the sole reason for the nonpayment of the requested amount was a mistake. They have further established that Claimant was entitled to the sum of $1,812.25 which would have been paid to him but for Respondent's mistake. Respondent cannot profit from its own errors."

In the case at bar, not only should this claim be awarded because of the State's error in allocation but it should be granted because it is not prohibited by Ch. 127, para. 145.

It is the opinion of this Court that it was not the intention of the legislature that para. 145 of Ch. 127 would provide a means by which errors, either clerical or otherwise, made by the State would deprive any of its employees compensation that is rightfully due them.

This Court has stated many times that it is not a Court of Equity. However, the position stated in this opinion is not a position grounded in equity or good conscience but one of law. A cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature enacting a law. *Electrical Contractors Association of the City of Chicago v. Illinois Building Authority, 33 Ill. 2d 587,* where an employee is erroneously allocated to a lower paying position than his duties call for, he is being erroneously paid too low a salary and has, therefore, not been previously paid for services performed. As such retroactive payments would not be payments "for which remuneration had already been made" the exclusion contained in para. 145 would not apply.

An award is hereby entered in favor of Claimant in the amount of $603.50 for back salary for the period of October 1, 1976, through June 30, 1977, plus the State's contribution to the State Employees' Retirement System and to FICA. From the aforesaid award to Claimant, there shall be deducted amounts for Claimant's Federal and State income tax witholding and amounts for Claimant's contributions to the State Employees' Retirement System and to FICA.